UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-10831-GAO

GEORGE S. THEODORE,
Plaintiff,

v.

HACKER BOAT CO., formerly Morgan Marine Boat Co., a New York Corporation, WILLIAM
J. MORGAN, ROBERT L. WAGEMANN, and DAVID HOFFAY,
Defendants.

OPINION AND ORDER
May 12, 2010

O'TOOLE, D.J.

The plaintiff, George S. Theodore, has brought suit against Hacker Boat Company ("Hacker Boat" or the "marina"), William J. Morgan, Robert L. Wagemann, and David Hoffay. The dispute arises from the storage of an antique 1930 Hackercraft boat at Morgan Marine, which Theodore avers is now known as Hacker Boat. According to Theodore, individuals at Hacker Boat began removing boat parts as early as 1991 and either never replaced them or replaced them with substandard parts. When he discovered the deteriorated condition of his antique boat, Theodore filed a criminal complaint and brought this suit. He asserts claims for breach of bailment, tort, fraud, attempted fraud, conversion of property, negligence, and theft against Hacker Boat (Count I), tort, breach of bailment, misrepresentation, and conversion against Wagemann (Count II), breach of bailment, attempted fraud, fraud, tort, and conversion of property against Morgan (Count III), and tort and conversion against Hoffay (Count IV).

**I.**      <u>**Motion to Dismiss**</u>

Defendants Hacker Boat, Wagemann, and Hoffay[1] have moved to dismiss claims on various grounds. First, they seek to dismiss all claims against Hacker Boat and Hoffay for failure to serve within the 120-day requirement of Rule 4(m) of the Federal Rules of Civil Procedure. It appears from the record that Hacker Boat was not timely served, and Hoffay has not yet been served as his summons was returned undelivered. In his attempt to offer an excuse for his untimely service, Theodore argues that Hacker Boat avoided service, Theodore used an address supplied by Hoffay to a police officer in the related criminal investigation, and Theodore had initially been waiting to receive notice from the Court that it had reviewed and accepted the complaint, a process about which he claims to have read in the brochure given to *pro se* litigants.

Although *pro se* status is not automatically an excuse for untimely service, <u>see</u> <u>McIsaac v. Ford</u>, 193 F. Supp. 2d 382, 383 (D. Mass. 2002), it is permissible to afford some degree of leniency to a *pro se* plaintiff who attempts to effect service in a timely fashion, but doesn't, <u>see</u> <u>D'Amario v. Russo</u>, 750 F. Supp. 560, 563 (D.R.I. 1990). There is no evidence of bad faith on Theodore's part, the defendants have not indicated they would be prejudiced if the time to effect service were extended, and the related criminal investigation, the timely service of Wagemann, the owner of the marina, and their participation in this motion suggest that the suit is not a surprise to the defendants. Consequently, the motion must be denied in this respect, and pursuant to Federal Rule of Civil Procedure 4(m), Theodore is granted additional time to effectuate service.

The motion to dismiss is meritorious as to other claims, however. Under the heightened pleading requirements for fraud, Theodore's fraud claims must fail. Theodore fails to plead fraud

---

[1] The fourth defendant, Morgan, was served, but did not file a timely answer and is not a movant.

against Hacker Boat and Wagemann with sufficient particularity, such as by identifying the speaker, the time, or location of the alleged fraudulent statement. <u>See</u> <u>Alternative Sys. Concepts, Inc. v. Synopsys, Inc.</u>, 374 F.3d 23, 29 (1st Cir. 2004) (noting that in cases of fraud, "the pleader usually is expected to specify the who, what, where, and when of the allegedly false or fraudulent representation."). Additionally, in the absence of any allegations to pierce the corporate veil, neither Wagemann nor Hoffay can be liable for a breach of bailment as any bailment agreement which existed was between Theodore and the marina. Finally, the claim against Hoffay for conversion must also fail pursuant to Federal Rule of Civil Procedure 12(b)(6) as Theodore alleges that Hoffay was acting within the scope of his employment and does not suggest that Hoffay was motivated by personal gain, <u>see</u> <u>Harris Diamond Co. v. Army Times Pub. Co.</u>, 280 F. Supp. 273, 276 (D.C.N.Y. 1968). The conversion claim against Wagemann, however, sufficiently states a claim and should stand.

## **II.**  **Motion to Amend Complaint**

Theodore seeks to add Morgan Marine Base, Inc. as a defendant. Based on the allegations in Theodore's complaint and motion to amend, the Court lacks personal jurisdiction over Morgan Marine Base, a New York company. Because adding Morgan Marine Base would be futile, the motion is DENIED. <u>See</u> <u>Demars v. Gen. Dynamics Corp.</u>, 779 F.2d 95, 99 (1st Cir. 1985).

## **III.**  **Conclusion**

For the foregoing reasons, Defendants Hacker Boat Company, Robert L. Wagemann, and David Hoffay's Motion to Dismiss Plaintiff's Amended Complaint (dkt. no. 10) is GRANTED IN PART and DENIED IN PART. The fraud claims against Hacker Boat and Wagemann are dismissed. Likewise, the claims of breach of bailment against Hoffay and Wagemann and the

claim of conversion against Hoffay are dismissed. Additionally, the Plaintiff's Motion to Amend (dkt. no. 18) is DENIED.

Theodore is hereby directed to effect proper service on Hacker Boat and Hoffay in accordance with Federal Rule of Civil Procedure 4 within fourteen days of entry of this Opinion and Order.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge