UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GEORGE S. THEODORE,               )
                                  )
              Plaintiff,          )          CIVIL ACTION
     v.                           )          NO. 09-10831-JGD
                                  )
HACKER BOAT COMPANY, et al.,      )
                                  )
              Defendants.         )


**MEMORANDUM OF DECISION AND ORDER ON
MOTION TO ASSESS DAMAGES AGAINST WILLIAM J. MORGAN**

May 5, 2011

DEIN, Ch. U.S.M.J.

## I.  INTRODUCTION

The pro se plaintiff George S. Theodore ("Theodore") is the owner of an antique

1930 Hackercraft boat (the "Boat").  In this action, Theodore contends that the defendants

improperly stored and renovated the Boat, thereby causing significant harm.  On

December 16, 2009, a default was entered against William J. Morgan ("Morgan") for

failure to appear in this action.  (Docket No. 15).  All appearing parties consented to the

exercise of jurisdiction by this United States Magistrate Judge for all purposes, including

the entry of final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

(Docket No. 35).

The plaintiff requested an assessment of damages hearing (Docket No. 37) and a

hearing was held on May 3, 2011.  Theodore submitted evidence by way of affidavits and

exhibits (Docket Nos. 40, 42), and his oral testimony. Based on the evidence presented, this court makes the following findings and rulings against the defendant Morgan <u>only</u>. Nothing herein shall be binding on, or have any preclusive effect on, the remaining defendants.

## II. FINDINGS AND RULINGS

Since a default has been entered against Morgan, the factual allegations of the Complaint are taken as true, and each of the claims against Morgan must be considered established as a matter of law. <u>See</u> <u>Ortiz-Gonzalez v. Fonovisa</u>, 277 F.3d 59, 62-63 (1st Cir. 2002) ("A defaulting party is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated.") (internal quotations and citations omitted); <u>Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co.</u>, 771 F.2d 5, 13 (1st Cir. 1985) ("there is no question that, default having been entered, each of [plaintiff's] allegations of fact must be taken as true and each of its seven claims must be considered established as a matter of law."). Applying these principles, the relevant facts are as follows:

1.  Plaintiff Theodore, a Massachusetts resident, is the owner of an antique 1930 Hackercraft boat (the "Boat"). <u>Amended Complaint</u> (Docket No. 9) ¶¶ 1, 4.

2.  The Boat was placed in the care and custody of Morgan Marine, which was owned by the defendant William J. Morgan. <u>Id.</u> ¶ 4.

3.  Morgan Marine later became Hacker Boat Co. <u>Id.</u>

4.       The Boat remained at Morgan Marine and later at Hacker Boat Co. until

2006.  Id. ¶¶ 4, 7.  Throughout the years, the plaintiff had numerous conversations with

Morgan concerning the Boat.

5.       Plaintiff was charged storage for the Boat.  Id. ¶ 7.  Theodore contends that

the Boat was not properly cared for while in storage and under Morgan's control, that

services charged for were not performed, and that the Boat's condition deteriorated.  Id.

¶¶ 10-11.  Moreover, plaintiff contends that Morgan stripped the Boat, removed parts and

either never replaced them or replaced them with substandard parts.  Id. ¶ 14.  Further,

Theodore contends that Morgan failed to inform the plaintiff about the condition of the

Boat, and failed to return the Boat in a timely manner despite repeated requests.  See id.

¶¶ 32-33, 40-41.

6.       Plaintiff has brought claims of "breach of bailment, attempted fraud, fraud,

tort [and] conversion of property" against Morgan.  Id. at Count Three.

7.       As detailed in the appraisal of Macatawa Boat Company of Michigan,

which was submitted by the plaintiff (Docket No. 40), it will cost $134,736.00 to repair

the Boat.  I accept this evidence.

8.       In addition, I accept the plaintiff's testimony that he spent an additional

$32,000.00 for repairs, which were later destroyed and rendered worthless.

9.       In addition, I accept the plaintiff's testimony and documents showing that it

will cost $1,500.00 to replace the center section of the windshield.  (See Docket No. 42).

I reject the plaintiff's testimony that an additional $5,000.00 should be awarded to replace the engine since repair of the engine is included in Macatawa's appraisal.

10.     Therefore, this court awards plaintiff damages in the amount of $168,236.00 against the defendant William J. Morgan.

### III.  **ORDER**

Judgment shall enter in favor of the plaintiff and against the defendant William J. Morgan only, in the amount of $168,236.00.  This court finds further that there is no just reason for delay of the entry of final judgment against this defendant, as he failed to appear and the judgment against him raises distinct issues and is separate and apart from the claims against the remaining defendants.  Therefore, final judgment against William J. Morgan shall be entered forthwith, in accordance with Fed. R. Civ. P. 55(b)(2) and Fed. R. Civ. P. 54(b).

    / s / Judith Gail Dein
Judith Gail Dein
U.S. Magistrate Judge